Dear Mayor King:
Your request for an Attorney General's Opinion has been directed to me for research and response. You have asked the following question:
 Is the term of office for a town clerk two years or some other period?
To your letter of request you attached copies of a portion of West's Louisiana Revised Statutes Annotated, which you feel state that the term of office for town clerks is two years. However, a close reading of the material you cite reveals that there is no set term of office for town clerks. Included in the information attached to your request, is a reference found in the "Notes of Decisions" materials which follow LSA-R.S. 33:386. You call our attention to an Attorney General's Opinion of February 16, 1970, found therein. This opinion is referenced as stating that:
 "Under this section (LSA-R.S. 33:386), the clerk of a municipality shall hold office for two years, or until a successor is elected."
It is significant to note the date of this opinion, in that it bears a February 19, 1970 date. However, as will appear by reference to the first paragraph of the "History and Source of Law" annotation following R. S. 33:386, when the Legislature met some weeks thereafter, for its 1970 session, it amended LSA-R.S.33:386. The 1970 amendments changed the second paragraph to Subsection B and substituted the language "and shall hold their offices until their successors are elected and qualified for and shall hold their office for two years, or until their successors are elected and qualified." (Emphasis added).
Accordingly, if we read the pertinent parts of Subsection A and Subsection B of LSA-R.S. 33:386 together, we have the following:
 "At the first regular meeting of the Board of Alderman succeeding each regular municipal election, the mayor, subject to confirmation by the board of aldermen, shall appoint a clerk, a tax collector, and . . . who shall execute bonds to the municipality . . . and shall hold their offices until their successors are appointed and qualified."
LSA-R.S. 33:404(A)3, in pertinent part, provides as follows:
 A. "The mayor shall have the following duties, and responsibilities:
 (3) . . . However appointment or removal a nonelected chief of police, the municipal clerk, the municipal attorney, any department head shall be subject to approval by the board of alderman, except that in the case of a tie vote, the recommendation of the mayor shall prevail."
It is therefore the opinion of this office that the effect, of the 1970 Amendment to R. S. 33:386, was to remove the terms of office for the clerk and other such offices and to have them serve at the pleasure of the mayor and the board of aldermen.
To the extent that the February 16, 1970 Attorney General's Opinion is in conflict herewith, it is recalled.
I trust the foregoing adequately answers the question you have asked. If, however, addition information is needed, please do not hesitate to contact this office.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JAMES A. SMITH, II Assistant Attorney General
RPI/JAS:pb 2557s